LAURENCE F. HAINES, Bar No. 164187
HAINESLAW
E-Mail lhaines@haineslawfirm.com
139 East Third Avenue, Suite 108
Escondido, California  92025
Telephone:  (760) 741-4529
Facsimile:  (760) 741-4530

Attorney for Plaintiff
Tevin Bell

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVIN BELL,<br><br>   Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, JAMES PETRUSE, NICHOLAS DOHMEN, JAMES SANTOS, JR. AND RYAN MURPHY<br><br>   Defendant. | Case No. **'14CV1767 H    MDD**<br><br>COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS 42 U.S.C. §1983<br><br>JURY TRIAL DEMANDED |

Plaintiff complains and alleges as follows:

<u>JURISDICTION</u>

1. This court has jurisdiction over this action pursuant to 42 U.S.C. §1983, 28 U.S.C. § 1343(a)(3) and 28 U.S.C.A. § 1331.

<u>PARTIES</u>

2. Plaintiff Tevin Bell [BELL] is, and at all times relevant hereto has been, a resident of the State of California, County of Riverside.

///

COMPLAINT       1

3. Plaintiff is informed and believes and thereby alleges that Defendant County of San Diego and its agents which include, but are not limited to, the San Diego Sheriff's Department, is and at all times relevant hereto was a governmental subdivision of the State of California organized and existing under and by virtue of the laws of the State of California as a county.

4. Plaintiff is informed and believes and thereby alleges that Defendants James Petruse [PETRUSE], Nicholas Dohmen [DOHMEN], James Santos, Jr. [SANTOS] and Ryan Murphy [MURPHY] are employed by Defendant County of San Diego as Deputy Sheriffs and acted at all times under color of law.

## VENUE

5. Venue is proper in the Southern District, because Defendant County of San Diego is located within this District, Defendants PETRUSE, DOHMEN, SANTOS, and MURPHY are employed within this District and that a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. On May 25, 2014, BELL, age 21, was visiting his girlfriend in San Marcos, California.

7. BELL has been diagnosed with a form of schizophrenia and was making statements to the effect that he was contemplating suicide.

8. Concerned, BELL's girlfriend called BELL's mother who traveled from Riverside County, California to help deal with BELL.

///
///

9. BELL's mother decided it would be a good idea to contact law enforcement and have BELL taken into custody on a Welfare and Institutions Code Section 5150 three day hold for medical evaluation.

10. In the past, BELL's mother contacted law enforcement for assistance with BELL which resulted in successful 5150 holds.

11. Each time BELL's mother contacted law enforcement regarding a 5150 hold for BELL she requested that a Psychiatric Evaluation Response Team [PERT] be sent to evaluate BELL prior to the 5150 hold. On each of her prior calls, her request was honored, and a PERT arrived to deal with the situation.

12. In this case, the San Diego Sheriff's Department [SDSD] responded to BELL's mother's call for assistance. The SDSD did not send a PERT as requested, but rather sent two regular Deputy Sheriffs.

13. Defendants SANTOS and PETRUSE arrived and approached BELL. Instead of telling BELL they were there to help him seek medical intervention at the request of his mother and girlfriend, they simply told him that they wanted to "talk with him."

14. In response, BELL asked SANTOS and PETRUSE if he was being detained or arrested.

15. SANTOS and PETRUSE told him "no" without explaining to him the purpose of their presence.

16. Based upon the Deputies' representations, BELL assumed that he was free to leave and headed towards a parking lot where his car was located with his car keys in hand.

17. Again, SANTOS and PETRUSE told BELL they wished to speak with him.

///

COMPLAINT   3

18. BELL repeated his question and again asked if he was being detained. Again, SANTOS and PETRUSE told him "no" without explanation.
19. As BELL was walking away, towards his automobile, he was told that a Taser would be used if he did not stop.
20. BELL turned and asked "Really? Are you going to tase me?"
21. With the use of a taser and a chokehold, SANTOS and PETRUSE took BELL to the ground and immediately placed him in handcuffs.
22. DEFENDANTS MURPHY and DOHMEN arrived after the handcuffs were placed on BELL.
23. With BELL in handcuffs, while lying on his stomach, DEFENDANTS used dark metal blunt objects to hit BELL.
24. BELL was purposefully hit in the head multiple times with a blunt object using full force blows.
25. With BELL in handcuffs, while lying on his stomach, DEFENDANTS purposefully punched BELL in the face.
26. DEFENDANTS acted beyond the scope of their official authority when they injured BELL after the handcuffs were placed.
27. As the Deputies brought BELL to his feet, his short pants and underwear fell, exposing his genitals.
28. BELL asked the Deputy Sheriffs to pull up his pants and they refused. Responding to his request, one of them told him "Your mother can't help you now." BELL was mortified and embarrassed.
29. DEFENDANTS assaulted BELL by hitting him in the head and punching him in the face.

///

30. DEFENDANTS battered BELL by hitting him in the head and punching him in the face.
31. DEFENDANTS intentionally inflicted emotional distress upon BELL based on how they treated him.
32. BELL required emergency room care for his wounds.
33. DEFENDANT's actions were in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## CAUSE OF ACTION

(Violation of Federal Civil Rights Guaranteed by the United States Constitution under The Civil Rights Act of 1871 - 42 U.S.C. §1983)

34. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.
36. Plaintiff is, and at all times material hereto was, a citizen of the United States and therefore a person protected by 42 U.S.C. §1983.
37. DEFENDANTS, did cause each of the acts and omissions alleged in this complaint under color of authority of statutes, ordinances, regulations, customs or usages and caused Plaintiffs to be deprived of their respective rights, privileges, or immunities secured by the Constitution and laws, including, but not limited to the Fourth Amendment of the Constitution.
38. DEFENDANTS, therefore, are liable to Plaintiff for his damages.
39. Plaintiff was injured by the acts and omissions alleged in this complaint. His injuries include medical expenses, mental suffering, pain, concern, aggravation, worry, stress, anxiety, embarrassment, invasion of privacy, fear, and suffering.

40. As a result of DEFENDANTS' acts and omissions, as alleged in this complaint, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 42 U.S.C. §1988(b).

WHEREFORE, Plaintiff requests relief as follows:

1. For economic damages according to proof;
2. For general damages according to proof;
3. For costs of suit including reasonable attorneys fees pursuant to the Civil Rights Attorney's Fee Awards Act of 1976  42 U.S.C. §1988(b); and
4. For such other and further relief as the Court may deem proper.

Respectfully submitted,

HAINESLAW

July 28, 2014                         By: /s/Laurence F. Haines
                                          Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury pursuant to FRCP §38.

HAINESLAW

July 28, 2014                         By:/s/ Laurence F. Haines
                                          Attorney for Plaintiff

COMPLAINT                6